

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2009

# Viola Myers v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2906

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Viola Myers v. Comm Social Security" (2009). *2009 Decisions.* Paper 836.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/836

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No.  08-2906

———————

VIOLA MYERS,

Appellant
v.

COMMISSIONER OF SOCIAL SECURITY

———————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-07-cv-00609)
District Judge: Honorable William J. Martini

———————

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2009

Before: AMBRO and ROTH, <u>Circuit Judges</u> and FISCHER,<sup>*</sup> <u>District Judge</u>

(Opinion filed : August 11, 2009 )

———————

OPINION

———————

_____

<sup>*</sup>The Honorable Nora Barry Fischer, United States District Judge for the Western
District of Pennsylvania, sitting by designation.

FISCHER, <u>District Judge</u>

Claimant Viola Myers appeals from an order of the United States District Court for the District of New Jersey affirming the denial of disability insurance benefits and supplemental security income benefits. We will affirm.

Myers applied for social security benefits on October 1, 2002, alleging disability and the inability to work due to asthma, manic-depression, lower back pain, and blackouts. The Commissioner denied her application on February 27, 2003. After exhausting her administrative remedies, Myers appealed the denial to the District Court, which entered an order on September 9, 2005, remanding the case to the Administrative Law Judge ("ALJ") for further consideration.

Post-remand hearings were conducted, and a vocational expert, among others, testified. On November 15, 2006, the ALJ again determined that Myers was not entitled to benefits, finding, *inter alia*, that she "retained the residual functional capacity to perform medium and light work involving no greater than simple, repetitive tasks[ ] in an environment free of excessive pulmonary irritants[ ] not involving supervision by a particularly authoritative or harsh supervisor." In February 2007 Myers sought review of the ALJ's determination in the District Court, which subsequently affirmed the denial of benefits on April 30, 2008. Myers timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Under our limited scope of review, we, like the District Court, "must uphold a final agency

2

determination unless we find that it is not supported by substantial evidence in the record." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). Substantial evidence constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003) (quoting *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Although "more than a mere scintilla[, substantial evidence] may be somewhat less than a preponderance of the evidence." *Rutherford*, 399 F.3d at 552 (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). "[W]e are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).

In this Court, Myers faults the ALJ for finding that she retained the capacity to perform jobs within the national economy. She argues that the ALJ improperly reached that conclusion by posing insufficient hypothetical questions to the vocational expert and ignoring portions of that expert's testimony elicited by her attorney. As a result, Myers contends that the District Court's order affirming the denial of benefits must be reversed. We disagree.

A "vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the [ALJ's hypothetical] question[s] accurately portray[ ] the claimant's individual physical and mental" limitations. *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). Sufficient hypothetical questions will thus "reflect *all* of a claimant's impairments." *Burns*, 312 F.3d at 123 (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) (emphasis

3

added)).  "Fairly understood, [the] reference[ ] to *all* impairments . . . means that the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*[,]" not every alleged impairment.  *Rutherford*, 399 F.3d at 554.

Our careful review of the record convinces us that the ALJ's hypothetical questions encompassed all of Myers's credibly established limitations, including, and despite Myers's assertions to the contrary, her deficiencies in concentration.  *See id.* (discussing "when a limitation is credibly established").  We further find that the ALJ did not ignore any of the vocational expert's testimony regarding those credible impairments and that the expert's relevant statements supported the ALJ's conclusion that an individual with Myers's limitations retained the capacity to work.  As such, substantial evidence exists for the ALJ's decision to deny benefits.

The order of the District Court entering judgment for the Commissioner will be affirmed.[1]

---

[1]    Because the District Court's order will be affirmed, Myers's request for provisional benefits pending disposition on remand is necessarily denied.